JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6372-GW-KKx | Date | June 10, 2021 |
|---|---|---|---|
| Title | *Orlando Garcia v. Woodlawn Properties, L.P., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Elliott C. Montgomery | Keith G. Wileman |
| | Michael S. Orr |

**PROCEEDINGS:** TELEPHONIC HEARING ON DEFENDANT CHAMO ORIGINAL VENEZUELAN FOOD, INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF ORLANDO GARCIA [45]

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would GRANT Chamo's motion for summary judgment. The case is dismissed in its entirety, as to all Defendants. The Court retains jurisdiction over the action for the sole purpose of deciding Chamo's motion for fees and costs.

 : 02

Initials of Preparer   JG

***Orlando Garcia v. Woodlawn Properties, L.P. et al***; Case No. 2:20-cv-06372-GW-(KKx)
Tentative Ruling on Defendant Chamo Original Venezuelan Food, Inc.'s Motion for Summary Judgment

# I. Background

## A. Procedural Background

On July 17, 2020, Plaintiff Orlando Garcia sued Defendants Woodlawn Properties, L.P., Rocktree Properties, Inc., and Chamo Original Venezuelan Food, Inc. ("Chamo") for violations of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). *See* Complaint, Docket No. 1. Defendant Chamo filed an Answer on August 17, 2020. *See* Docket No. 14. Plaintiff filed his Case Statement on August 27, 2020, outlining the specific conditions forming the basis of his lawsuit. *See* Case Statement, Docket No. 25. On November 30, 2020 the Court issued an order declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *See* Docket No. 34. As such, only Plaintiff's injunctive relief claim under the ADA remained. *See generally* Complaint. The parties participated in mediation sessions on December 3, 2020 and January 22, 2021, but were unable to reach a settlement agreement. *See* Docket No. 39.

Before the Court is Defendant Chamo's motion for summary judgment ("Motion"), filed on May 13, 2021. *See* Docket No. 45. Plaintiff did not file a timely opposition brief. On June 1, 2021, Plaintiff filed a response brief ("Response"), stating that he "does not oppose Defendant's motion on the grounds that the barriers have been removed, rendering moot Plaintiff's request for an injunction under the ADA." *See* Docket No. 53 at 2.

## B. Factual Background

According to the Complaint, Plaintiff is a quadriplegic, suffers from cerebral palsy, and uses a wheelchair for mobility. *See* Complaint ¶ 1. Defendants Woodlawn Properties, L.P. and Rocktree Properties, Inc. own the real property located at or about 950 E. Colorado Blvd., Pasadena, California. *See id.* ¶ 3. Defendant Chamo owns the restaurant Venezuelan Chamo Cuisine (the "restaurant") located at or about 950 E. Colorado Blvd., Pasadena, California. *See id.* ¶ 5.

Plaintiff alleges that he went to the restaurant in February 2020 "to avail himself of its goods and to assess the business for compliance with the disability access laws." *See id.* ¶ 10.

Plaintiff further alleges that when he visited the restaurant, Defendants "failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as [they relate] to wheelchair users like [Plaintiff]." *See id.* ¶ 12. These barriers allegedly caused Plaintiff difficulty and denied him full and equal access to the restaurant. *See id.* ¶¶ 15-16. Defendants purportedly "failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities." *See id.* ¶ 18. Plaintiff thus alleges that Defendants discriminated against him by maintaining these conditions in violation of the ADA and the Unruh Act. *See id.* ¶¶ 22-34.

Plaintiff's Case Statement specified that the dining surfaces at issue consisted of two sets of outdoor tables and chairs. *See* Case Statement at 2. The tables and chairs – placed by Defendant Chamo on the sidewalk with permission from the City of Pasadena – served as the restaurant's outdoor seating during the COVID-19 pandemic in February 2020, when Plaintiff visited the restaurant. *See* Declaration of Yesika Baker in Support of Motion for Summary Judgment ("Baker Decl."), Docket No. 45-4, ¶ 3. According to Chamo's hired Certified Access Specialist, all of the restaurant's dining surfaces complied with the ADA as of May 1, 2021. *See id.* ¶¶ 3, 5; Declaration of Ernie Castro in Support of Motion for Summary Judgment ("Castro Decl."), Docket No. 45-6, ¶¶ 8-9, Exh. D, G; Chamo's Separate Statement of Undisputed Material Facts ("SUF"), Docket No. 45-2, ¶ 2.

While not alleged in the Complaint, Plaintiff's Case Statement also claimed that the restaurant failed to provide an accessible restroom due to a wicker basket impeding the wheelchair turn radius, and a traditional round doorknob instead of a lever doorknob. *See* Case Statement at 3. Chamo remedied both issues by March 24, 2021. *See* Baker Decl. ¶ 4; Castro Decl. ¶ 8. The restroom is currently fully accessible as defined by the ADA. *See* SUF ¶ 3. The Certified Access Specialist also found various ADA violations not alleged by Plaintiff, which Chamo remedied by May 1, 2021. *See* Baker Decl. ¶ 5, Castro Decl. ¶¶ 7-12, Exh. C-E; SUF ¶¶ 4-5. The restaurant now fully complies with the ADA. *See* SUF ¶ 5; Castro Decl. ¶ 12, Exh. G.

## II. Legal Standard

Summary judgment shall be granted when a movant "shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the party

moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks and citations omitted). However, when the nonmoving party bears the burden of proving the claim or defense, the moving party does not need to produce any evidence or prove the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 325. Rather, the moving party's initial burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party meets its initial burden, the "party asserting that a fact cannot be or is genuinely disputed must support the assertion." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Further, "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 248. At the summary judgment stage, a court does not make credibility determinations or weigh conflicting evidence. *See id.* at 249. A court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Discussion

Chamo moves for summary judgment, arguing that Plaintiff's only remaining claim for injunctive relief under the ADA is moot because no barriers to accessibility exist at this point. *See* Motion at 7-8. Because Chamo has remedied the ADA violations alleged by Plaintiff as to the restaurant's dining surfaces and restroom, and because "there are also no other ADA violations in the restaurant's premises at all," Chamo requests that the Court dismiss the case for lack of subject matter jurisdiction. *See id.* at 5, 8. Plaintiff has conceded that his sole claim for injunctive relief is moot because the alleged barriers have been removed. *See* Response at 2.

The Court would agree. "Because a plaintiff can only sue for injunctive relief in an ADA case, the Ninth Circuit has explained that 'a defendant's voluntary removal of alleged barriers

3

prior to trial can have the effect of mooting a plaintiff's ADA claim.'" *Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F. Supp. 3d 977, 985 (C.D. Cal. 2017) (quoting *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011)); *see also Johnson v. Oishi*, 362 F. Supp. 3d 843, 848 (E.D. Cal. 2019) (same).  Chamo has proffered the following undisputed facts: (1) "There are currently no impermissibly inaccessible dining surfaces in Chamo Restaurant as defined under the ADA;" (2) "The restroom at Chamo Restaurant is currently fully accessible as defined under the ADA;" and (3) "Chamo Restaurant is currently fully compliant with the ADA."  SUF ¶¶ 2, 3, 5.  The sworn declaration by the Certified Access Specialist and his follow-up ADA Accessibility Evaluation inspection report support these facts.  *See* Castro Decl. ¶¶ 8-12, Exh. G.  Having expressly not opposed the motion, Plaintiff admits Chamo's proffered undisputed facts.  *See* Fed. R. Civ. P. 56(c)(1), (e)(2); C.D. Cal. L.R. 56-3.  Due to his express non-opposition, Plaintiff has given the Court no reason to conclude that any of the alleged previously-existing accessibility violations are reasonably likely to recur.  *See* Response.  Accordingly, the Court would grant Chamo's motion for summary judgment.

Chamo requests that the Court retain jurisdiction over the action "for the sole purpose of hearing and deciding a motion by Chamo under the ADA for prevailing party litigation costs, including attorney's fees, based upon the grounds that the Plaintiff's action was frivolous, unreasonable, and without foundation." *See* Supplemental Declaration of Keith G. Wileman and Request that the Court Reserve Jurisdiction, Docket No. 49, at 5.  The Court would grant this request, although it doesn't at this point see a basis for concluding that Plaintiff's action was frivolous when filed.

### IV. Conclusion

Based on the foregoing discussion, the Court would **GRANT** Chamo's motion for summary judgment.  The case is dismissed in its entirety, as to all Defendants.  The Court retains jurisdiction over the action for the sole purpose of deciding Chamo's motion for fees and costs.